JUDGE CROTTY

12 CV 4011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

MARIA DIEGO and JAVIER SANCHEZ,

                      Plaintiffs,

        -against-

CITY OF NEW YORK; Lieutenant JAMES CARROLL; Police Officer KAREN WUTTKE, Shield No. 13664; Police Officer JOHN CURRAN, Shield No. 19783; Police Officer JEFFREY ROHE, Shield No. 31836; and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.

**COMPLAINT**

Jury Trial Demanded



-------------------------------------------------------------- x

## NATURE OF THE ACTION

1.   This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.   The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiffs demand a trial by jury in this action.

## PARTIES

7. Plaintiff Maria Diego ("Ms. Diego") is a resident of the State of New York.

8. Plaintiff Javier Sanchez ("Mr. Sanchez") is a resident of the State of New York.

9. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. Defendant Police Lieutenant James Carroll ("Carroll"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Carroll is sued in his individual and official capacity.

11. Defendant Police Officer Karen Wuttke, Shield No. 13664 ("Wuttke"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Wuttke is sued in her individual and official capacity.

12. Defendant Police Officer John Curran, Shield No. 19783 ("Curran"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Curran is sued in his individual and official capacity.

13. Defendant Police Officer Jeffrey Rohe, Shield No. 31836 ("Rohe"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rohe is sued in his individual and official capacity.

14. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

15. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

16. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

17. At or about 12:55 a.m. on July 10, 2011, plaintiffs were lawfully walking on the sidewalk near 621 West 46th Street in New York, New York.

18. As they walked, a group of officers confronted and detained Mr. Sanchez. The officers lacked reasonable suspicion to stop or detain either plaintiff.

19. Ms. Diego walked up to the group of officers and objected to the detention of her boyfriend, Mr. Sanchez.

20. The officers then placed Ms. Diego under arrest and Mr. Sanchez verbally objected. The officers lacked arguable probable cause to arrest either plaintiff.

21. As Ms. Diego was being handcuffed, several officers threw her to the ground and assaulted her, causing injuries.

22. The officers falsely arrested both plaintiffs.

23. Both plaintiffs were brought to the 18th Precinct.

24. Plaintiffs were transported to Manhattan Central Booking where they were falsely charged with Assault, Resisting Arrest, Obstruction of Governmental Administration and Disorderly Conduct.

25. Defendant officers misrepresented to the New York County District Attorney's Office that plaintiffs had committed these offenses and fabricated police paperwork and documentation to that effect, including arrest reports.

26. On the evening of July 10, 2011, plaintiffs were arraigned in New York County Criminal Court.

27. Ms. Diego was released on bail and Mr. Sanchez was released on his own recognizance.

28. Plaintiffs were compelled to retain private criminal counsel and an investigator at a cost in excess of $35,000 in order to defend the mendacious charges.

29. Mr. Sanchez's criminal charges were adjourned in contemplation of dismissal and Ms. Diego's criminal charges were dismissed.

30. Ms. Diego sustained pain and bruising as a result of the incident.

31. Within ninety days after the claims alleged in this Complaint arose, a written notice of claim was duly served upon defendants.

32. At least thirty days have elapsed since the service of the notice of claim and adjustment or payment of the claim has been neglected or refused.

33. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

34. Plaintiffs were deprived of their liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to their reputations, loss of income and were caused to pay attorney and investigative fees and costs.

## FIRST CLAIM
### Unlawful Stop and Search

35. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

37. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

38. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

39. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

40. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

41. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

42. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff Diego.

43. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Prosecution

44. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

45. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff Diego under 42 U.S.C. § 1983 for the violation of her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

46. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Ms. Diego of her constitutional rights. The prosecution by defendants of Ms. Diego constituted malicious prosecution in that

there was no basis for her arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

47. As a direct and proximate result of defendants' unlawful actions, Ms. Diego has suffered, and will continue to suffer, damages, including mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
### State Law Malicious Prosecution

48. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

49. By their conduct, as described herein, defendants are liable to Ms. Diego for having committed malicious prosecution under the laws of the State of New York.

50. Defendants maliciously commenced criminal proceeding against Ms. Diego, by charging her with various crimes. Defendants falsely and without probable cause charged plaintiff with crimes of the laws of the State of New York.

51. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

52. All charges were terminated in Ms. Diego's favor.

53. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of Ms. Diego. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

54. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

55. The individual defendants created false evidence against Ms. Diego.

56. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

57. In creating false evidence against Ms. Diego, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

58. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore allege.

## SEVENTH CLAIM
## Negligent Hiring/Training/Retention Of Employment Services

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from the foregoing conduct.

61. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

62. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

63. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

64. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Failure to Intervene

65. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

66. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

67. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

68.   As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   May 16, 2012
         New York, New York

> HARVIS MARINELLI
> SALEEM & WRIGHT LLP
>
> _____
> Robert Marinelli
> 305 Broadway, 14th Floor
> New York, New York 10007
> (212) 323-6880
> rmarinelli@hmswlaw.com
>
> *Attorney for plaintiff*